IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FIRST DALLAS VENTURES, LTD.,** | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-0321-L |
| | § | |
| **ROBERT YAQUINTO, JR.,** | § | |
| | § | |
| Appellee. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant First Dallas Ventures, Ltd.'s Motion Seeking Leave to Appeal Order Denying First Dallas Ventures, Ltd.'s Motion to Dismiss the Fraud Claims Asserted by the Trustee Against First Dallas Ventures, Ltd., filed February 16, 2005. After careful consideration of the motion, response, record, and applicable law, the court **denies** First Dallas Ventures, Ltd.'s Motion Seeking Leave to Appeal Order Denying First Dallas Ventures, Ltd.'s Motion to Dismiss the Fraud Claims Asserted by the Trustee Against First Dallas Ventures, Ltd.

**I.     Factual and Procedural Background**

Appellant First Dallas Ventures, Ltd. ("First Dallas" or "Appellant") is a Texas limited partnership and former shareholder of Cool Partners, Inc. ("CPI"). In January 2004, some time after CPI declared bankruptcy, Trustee, Robert Yaquinto, Jr. ("Yaquinto" or "Trustee") brought several adversary actions against multiple former officers, directors, and employees of CPI. These actions include fraud claims against First Dallas. On March 31, 2004, First Dallas filed a motion to dismiss the fraud claims. On December 19, 2004, the bankruptcy court issued an order denying the motion to dismiss, and the clerk of the bankruptcy court entered that order on December 23, 2004. First

Dallas filed its Motion to Reconsider and Amend the Order Denying its Motion to Dismiss on December 30, 2004. On January 14, 2005, the bankruptcy court issued an order granting, in part, First Dallas's motion to reconsider and amend, ruling that First Dallas's motion to dismiss was timely. The court concluded, however, that First Dallas's motion to dismiss should be denied for the reasons stated in its December 23, 2004 order. The bankruptcy court amended its December 23, 2004 order "to state simply that the motion to dismiss is denied for the reasons discussed above." On January 20, 2005, the clerk of the bankruptcy court entered the bankruptcy court's January 14, 2005 order on the docket. On February 16, 2005, Appellant filed its notice of appeal and motion for leave to appeal the bankruptcy court's orders of December 23, 2004 and January 20, 2005. On February 18, 2005, Appellant filed First Dallas Ventures, Ltd.'s Motion for Extension of Deadline to Appeal.

## II.   Analysis

### A.   Notice of Appeal

Pursuant to Rule 8002(a) of the Federal Rules of Bankruptcy Procedure, a notice of appeal must be filed with the clerk of the bankruptcy court "within 10 days of the date of the entry of the judgment, order, or decree appealed from." Although this case is one in which First Dallas seeks leave to appeal, the procedure that governs the filing of a motion that seeks leave to appeal is the same procedure that governs the filing of a notice of appeal. *See* Rule 8001(b). Regarding Appellant's request for an extension to file its notice of appeal, the bankruptcy rules provide

> A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 20 days from the

**Memorandum Opinion and Order - Page 2**

> expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 10 days from the date of entry of the order granting the motion, whichever is later.

Bankr. R. 8002(c)(2).

The court must first determine its jurisdiction in this matter. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). When a court does not have subject matter jurisdiction, it lacks the power to adjudicate claims and must dismiss the action. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard,* 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("subject-matter delineations must be policed by the courts of their own initiative even at the highest level"); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*"). District courts have jurisdiction to hear appeals from orders of bankruptcy judges entered in cases and proceedings referred to bankruptcy courts. *See* 28 U.S.C. § 158(a); 28 U.S.C. § 1334.

In calculating the ten-day period, it begins to run the day after the entry of the order and includes intermediate weekends and legal holidays. Bankr. R. 9006(a). The last day of the period is also included, unless it is a weekend day or legal holiday. *Id.* Under this rule, Appellant would have had to file a notice of appeal and motion for leave to appeal the bankruptcy court's order entered on December 23, 2004, no later than January 3, 2005. Its notice of appeal of the bankruptcy court's order entered on January 20, 2005, was due on January 30, 2005. The "ten day requirement

**Memorandum Opinion and Order - Page 3**

is jurisdictional and cannot be waived." *Matter of Topco, Inc.*, 894 F.2d 727, 733 n.7 (5th Cir. 1990) (internal citation omitted); *see Matter of Robinson*, 640 F.2d 737, 738 (5th Cir. 1981).

Appellant did not file its notice of appeal or motion for leave within the ten-day requirement. Because Appellant's notice of appeal and motion for leave is untimely, the court has no jurisdiction to entertain the appeal. Although Appellant filed a motion to extend the deadline for filing its notice of appeal, that motion also is untimely, as it was due before the time for the filing of the notice of appeal had expired, which was January 30, 2005. Appellant maintains, in its motion to extend, that it falls within the exception of Rule 8002(c)(2) because of excusable neglect. Appellant requests that the bankruptcy court grant it an extension of time to file its notice of appeal and motion for leave to appeal, as such motion was filed not later than 20 days after the expiration of the time for filing a notice of appeal. The bankruptcy court has not ruled on Appellant's motion. The motion for leave to appeal could only be timely if the bankruptcy court granted Appellant an extension of time to file its motion for leave to appeal and notice of appea,l or this court determined that the bankruptcy court erred in denying Appellant's motion for an extension. This court, therefore, does not have jurisdiction to entertain First Dallas's appeal. Accordingly, First Dallas Ventures, Ltd.'s Motion Seeking Leave to Appeal Order Denying First Dallas Ventures, Ltd.'s Motion to Dismiss the Fraud Claims Asserted by the Trustee Against First Dallas Ventures, Ltd. should be denied.

**B.    Leave to Appeal**

Even if this court had jurisdiction to grant Appellant's leave to appeal, doing so would be inappropriate. A United States district court can grant leave to appeal an interlocutory order from a bankruptcy court. 28 U.S.C. § 158(a)(3). Although a standard by which such an appeal should be granted is not set forth in the statute, a district court is guided by the standard under 28 U.S. C.

§ 1292(b) for interlocutory appeals from district court orders. *Ichinose v. Homer Nat'l Bank*, 946 F.2d 1169, 1177 (5th Cir. 1991).  Leave may be granted where the interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Ichinose*, 946 F.2d at 1177 (citing *In re Neshaminy Office Bldg. Assoc.*, 81 B.R. 301, 303 (E.D. Pa. 1987)).  All three of these conditions must be met before a court may certify an order for interlocutory appeal. *See Aparicio v. Swan Lake,* 643 F.2d 1109, 1110 n. 2 (5th Cir.1981).  Furthermore, interlocutory appeals under Section 1292(b) are to be granted only in exceptional circumstances. *See Clark-Dietz & Assoc.-Eng'r v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983); *In re Global Marine, Inc.,* 108 B.R. 1007, 1009 (S.D. Tex. 1988).

Here, Appellant fails to meet the § 1292(b) requirements.  Appellant does not present a controlling question of law upon which there is substantial ground for difference of opinion.

> The term "question of law" does not mean the application of settled law to fact.  It does not mean any question the decision of which requires rooting through the record in search of the facts or of genuine issues of fact.  Instead, what the framers of § 1292(b) had in mind is more of an abstract legal issue or what might be called one of pure law, matters the court of appeals can decide quickly and cleanly without having to study the record.

*McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1258 (11th Cir. 2004) (internal citations and quotation marks omitted).

The bankruptcy court concluded that First Dallas's motion to dismiss should be denied, as the Trustee's complaint provided First Dallas with "adequate notice of the claims against them by providing a time frame, the place, and the nature of their alleged actions against the Debtor.  The Trustee's complaint sets forth facts which, viewed in a most favorable light, defeat the motion."

**Memorandum Opinion and Order - Page 5**

Order on Motion of Defendant First Dallas Ventures to Dismiss at 3.  Appellant contends that its motion for leave to appeal should be granted because the Trustee's fraud claims fail to satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b).  Evaluating the issue of whether the Trustee's complaint satisfies the pleading standard of Rule 9(b) does not involve a controlling question of law upon which there is substantial ground for difference of opinion.  Rather, it would warrant a review of the facts by this court, which is generally inappropriate.  *See Clark-Dietz & Assoc.-Eng'r*, 702 F.2d at 69.  Additionally, although the Fifth Circuit has not specifically decided whether the sufficiency of a complaint under Rule 9(b) is appropriate for interlocutory resolution, in *McFarlin* the Eleventh Circuit concluded that the sufficiency of a pleading under Rule 9(b) is inappropriate for an interlocutory appeal because it would be required to apply law to the specific facts of the case.  *McFarlin*, 381 F.3d at 1262.  Appellant thus fails to meet the first two requirements of § 1292(b).

Regarding the last requirement, the appeal of the bankruptcy court's orders would not materially advance the ultimate termination of the litigation.  A reversal of the orders and dismissal of the claims against First Dallas, for the Trustee's failure to comply with Rule 9(b), would most likely result in the Trustee filing additional pleadings in order to comply with the rule.  This would prolong rather than advance the ultimate termination of the litigation.  As noted by the bankruptcy court, First Dallas may raise the defenses asserted in its motion to dismiss in a motion for summary judgment with competent summary judgment evidence.  Thus, even if this court had jurisdiction, it would be inappropriate to grant First Dallas's leave to appeal, as this appeal does not satisfy the requirements of § 1292(b).  Accordingly, the court **denies** Defendant Ventures, Ltd.'s Motion Seeking Leave to Appeal Order Denying First Dallas Ventures, Ltd.'s Motion to Dismiss the Fraud Claims Asserted by the Trustee Against First Dallas Ventures, Ltd. and **dismisses** this appeal for

**Memorandum Opinion and Order - Page 6**

want of jurisdiction. All reasonable and allowable costs are taxed against Appellant First Dallas Ventures, Ltd.

**It is so ordered** this 23rd day of June, 2005.

Sam A. Lindsay
United States District Judge